## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.P., a minor, by and through her parents and natural guardians, SAMANTHA PYNE and CHRISTOPHER PYNE 905 Caminto Estrada Unit C Carlsbad, California 92011 | : : : : : : : : | CIVIL ACTION NO. |
| v. | : : | |
| CHESTERBROOK ACADEMY 1220 Ward Avenue West Chester, Pennsylvania 19380 | : : : | **COMPLAINT AND JURY DEMAND** |

## <u>CIVIL ACTION - COMPLAINT</u>

### <u>THE PARTIES</u>

1. Plaintiffs, Samantha Pyne and Christopher Pyne, are adult individuals and citizens and residents of the State of California; the parents and natural guardians of minor Plaintiff, residing together at 905 Caminto Estrada, Unit C, Carlsbad, California 92011.

2. Defendant, Chesterbrook Academy, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1220 Ward Avenue, West Chester, Pennsylvania 19380.

### <u>JURISDICTION</u>

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. At all times material herein, Defendant, Chesterbrook Academy, was acting by and through its officers, owners, agents, servants, workmen and/or employees who were acting in the course of their employment and within the scope of their authority.

6. At all times material herein, Defendant, Chesterbrook Academy, was engaged in the business of operating a child day care and educational facility holding itself out to the general public as being licensed by the Department of Human Services and the Pennsylvania Department of Education and as such had a duty to adhere to the highest standards in child-directed education, security and safety.

7. At all times material herein, Defendant, Chesterbrook Academy, had a duty to properly and adequately staff its facility with the proper ratio of staff to student supervision.

8. At all times material herein, Defendant, Chesterbrook Academy, had a duty to properly and adequately train its staff to properly supervise its facility and the children therein.

9. At all times material herein, Defendant, Chesterbrook Academy, had a duty to provide a safe environment to its business invitees particularly the children within its facility.

10. On or about December 6, 2019, at approximately 9:54 a.m. minor Plaintiff, then approximately one and a half (1 ½) years old, was a business invitee of the Defendant, Chesterbrook Academy, in Defendant's daycare program and as such was owed the highest standard of care.

11. On or about December 6, 2019, at approximately 9:54 a.m., minor Plaintiff, while in the care and control of the Defendant, Chesterbrook Academy, at its facility Defendant, negligently and carelessly permitted minor Plaintiff to stick her finger in a dangerous location within the facility resulting in a serious injury to the minor Plaintiff.

12. At all times relevant hereto Defendant, Chesterbrook Academy, failed to secure said location, which posed a danger and/or hazard to minor Plaintiff and similarly situated persons lawfully on said premises of which the Defendant herein, jointly and/or severally, knew and/or should have known.

## COUNT I
## A.P., A MINOR, BY AND THROUGH HER PARENTS & NATURAL GUARDIANS, CHRISTOPHER PYNE AND SAMANTHA PYNE v. CHESTERBROOK ACADEMY
**(Negligence)**

13. Minor Plaintiff, by and through her parents and natural guardians, Christopher Pyne and Samantha Pyne, hereby incorporates by reference the allegations contained in paragraphs one (1) through twelve (12), inclusive, of this Civil Action herein more fully at length.

14. The negligence and carelessness of the Defendant, Chesterbrook Academy, herein consisted of the following:

    a) Failing to properly train its agents servants workmen and/or employees;

    b) Failing to provide adequate staffing at its facility;

    c) Failing to provide adequate teacher-student ratios at its facility;

    d) Failing to warn against a hazard which it knew and/or should have known;

    e) Failing to guard against children unattended in its facility;

    f) Failing to enact effective and/or adequate policies and procedures to protect children on its premises;

g) Failing to remove a hazard which it knew and/or should have known;

h) Failing to properly and/or adequately manage and/or maintain the aforesaid premises in a safe manner;

i) Failing to properly and/or adequately inspect the aforesaid premises;

j) Failing to provide adequate supervision to the children on the aforesaid premises;

k) Causing the dangerous and/or hazardous condition to exist;

l) Failing to prevent the dangerous and/or hazardous condition from existing;

m) Failing to properly and/or adequately manage, train, instruct and/or supervise its agents, servants, workmen and/or employees;

n) Respondeat Superior;

o) Violation of Pennsylvania statutes, including but not limited to, 55 Pa. Code §3280.52, otherwise known as the Group Child Care law, regarding the lawful ratio requirement for staffing and maximum group size; and,

p) Negligence at law.

15. As a direct and proximate result of the negligence and carelessness of Defendant herein, minor Plaintiff was caused to sustain injuries to her bones, joints, muscles, tendons, blood vessels, including but not limited to displaced fracture of distal phalanx of the right index finger, open fracture, partial traumatic amputation of right index finger through phalanx, laceration on her finger, disfigurement, anxiety, severe shock to her nerves and nervous system; all of which injuries have, in the past, and will, in the future, cause minor Plaintiff herein great pain and suffering any and all of which are or may be permanent in nature.

16. As a further result of this accident, minor Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

17. As a further result of this accident, minor Plaintiff has suffered medically determinable physical and/or mental impairment which prevents her from performing all or substantially many of the material acts and duties which constitute minor Plaintiff's usual and customary activities prior to the accident.

18. As a direct and reasonable result of the accident aforementioned, minor Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which she may otherwise be entitled to recover.

19. As a further result of the accident aforementioned, minor Plaintiff has suffered severe physical pain, mental anguish and humiliation and, may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Minor Plaintiff, by and through her parents and natural guardians, Christopher Pyne and Samantha Pyne, demands judgment in her favor and against Defendant, Chesterbrook Academy, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## JURY DEMAND

Plaintiffs herein demand a jury trial.

**TABAKIN WOLFE & NERENBERG, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
brad@twlegal.net

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, PA  19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiffs,*
*Christopher Pyne and Samantha Pyne, parents and*
*Natural guardians of A.P., a minor*